The Court

took time to consider the motion, and afterwards observed that they had at first doubted on the sufficiency of the interest objected to the juror, since it was not suggested that he was party to any action pending, in which a similar question could arise ; but on perusing the provision of the statute, it was apparent that the legislature intended to exclude from juries, in the trial of causes of this description, not only such as were interested, prepossessed with an opinion, or of kindred to either party, but had extended its caution to such as, from their being liable to be interested in a similar question at some future time, might have their affections excited in the trial of a cause.
The objection stated to this juror is made by the statute a good cause of challenge ; but we think it comes too late after a verdict. The oath which, by the statute of 1807, c. 139, § 9, is to be put *179 to any juror before the trial, on motion of either party, reaches this objection. He is to be sworn, “ whether he is any way related to either party, or hath formed or given any opinion, or is sensible of any particular interest or prejudice in the cause; ” and if he does not satisfy the court of his indifference, he is to be struck off the panel.
If, in this case, we had evidence that the juror acted under the influence of improper motives or principles, we should set aside the verdict; or had the demandants made the requisite inquiry on the voir dire, and failed of discovering the fact, which would have disqualified the juror, it would have been within the equity of the statute to grant them relief at this stage of the action ; but having omitted to avail themselves of their rights when the jury was impanelled, the motion cannot now obtain, (a)

Motion overruled.

 [Amherst vs. Hadley, 1 Pick. 38. — Ed.]